[776 NYS2d 69]

In the Matter of VOLF BIRMAN (Admitted as VOLF ZEV BIRMAN),
an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE
SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 12, 2004

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* and *Sharon F. Gursen* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated May 6, 2003, containing one charge of professional misconduct. After a preliminary hearing on June 18, 2003, and hearings held on July 11, 2003, and July 25, 2003, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent's counsel has submitted an affirmation in support of the petitioner's motion to confirm, with the limited exception of that portion of the charge as alleged a violation of Code of Professional Responsibility DR 2-103 (b) (22 NYCRR 1200.8 [b]), and in support of the imposition of a public censure.

Charge One alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime. On or about May 29, 2002, the respondent was convicted, upon his plea of guilty in the Supreme Court, Queens County, of one count of violating Judiciary Law § 482, employing an individual to illegally solicit clients.

Based upon the foregoing, the respondent violated Code of Professional Responsibility DR 1-102 (a) (3) (engaging in illegal conduct that adversely reflects on the lawyer's honesty, trustworthiness, or fitness as a lawyer) and (7) (engaging in any other conduct that adversely reflects on the lawyer's fitness as a lawyer) (22 NYCRR 1200.3 [a] [3], [7]), and DR 2-103 (b) (compensating a person or organization for recommending or obtaining employment by a client or as a reward for having made a recommendation involving employment by a client, with limited exceptions) (22 NYCRR 1200.8 [b]).

Based upon the evidence adduced, including the respondent's admissions under oath, the Special Referee properly sustained the charge and the petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, respondent asks the Court to consider that he is a 31-

year-old immigrant from Russia who came to the United States in 1988 with his family in order to escape religious oppression. His wife is a dentist who works part-time while caring for their two infants. The respondent was expelled from medical school in Russia when it was learned that his family had applied for refugee status to emigrate to the United States. He recounted how his home was searched and his family was harassed by the KGB until they were finally permitted to leave Russia.

The respondent has presented a number of character witnesses and letters from personal and professional acquaintances all attesting to his excellent reputation for honesty and integrity. He has an exemplary record of community service. The respondent appears to have no known disciplinary history.

The respondent submits that he is willing to take on legal matters which other attorneys turned away because of the financial risks associated with those cases.

Notwithstanding the respondent's claim that neither he nor his firm derived any financial benefit from the cases referred to him, he is guilty of professional misconduct which warrants his suspension from the practice of law for a period of one year.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Volf Birman, is suspended from the practice of law for a period of one year, commencing May 12, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months before the expiration of the one-year period upon furnishing satisfactory proof that during that period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Volf Birman, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion

as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if Volf Birman has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).