[821 NYS2d 635]

In the Matter of VOLF Z. BIRMAN (Admitted as VOLF ZEV BIRMAN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 26, 2006

---

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Sharon F. Gursen* and *Robert J. Saltzman* of counsel), for petitioner.

*Michael S. Ross*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner Grievance Committee served the respondent with a petition containing 11 charges of professional misconduct. After a prehearing conference and a hearing, the Special Referee sustained all of the charges except for Charge Ten. The Grievance Committee now moves for an order confirming the Special Referee's report insofar as it sustained Charges One, Two, Three, Four, Five, Six, Seven, Eight, Nine and Eleven, disaffirming that report insofar as it failed to sustain Charge Ten, and imposing such discipline as the Court deems appropriate. The respondent cross-moves for an order (1) denying the Grievance Committee's motion to confirm in part and disaffirm in part the Special Referee's report; (2) confirming the Special Referee's findings as to Charges Two, Three and Four insofar as the respondent admitted that he filed inaccurate and late Office of Court Administration (hereinafter OCA) retainer and closing statements, but disaffirming the Special Referee's finding that he acted with venal intent, (3) confirming the Special Referee's findings as to Charges Five, Six and Seven insofar as the respondent admitted that he technically converted client funds by failing to safeguard those funds, but disaffirming the Special Referee's finding that he acted with venal intent, (4) confirming the Special Referee's finding as to Charges Eight and Nine

insofar as the respondent admitted that he failed to maintain proper IOLA bookkeeping records but disaffirming the Special Referee's findings that he converted client funds, acted with venal intent, or otherwise failed to prove his entitlement to an attorney's fee, (5) confirming the Special Referee's finding that the Grievance Committee failed to meet its burden of proof with respect to Charge Ten, (6) disaffirming the Special Referee's finding as to Charge Eleven, which alleged that the respondent engaged in impermissible conflicts of interest in connection with personal injury actions involving separate motor vehicle accidents, by simultaneously representing the driver and two passengers in connection with each case. The respondent requests that the Court impose a three-year suspension retroactive to May 12, 2004.

Charge One alleges that the respondent engaged in illegal conduct, in violation of Code of Professional Responsibility DR 1-102 (a) (3) and (7) (22 NYCRR 1200.3 [a] [3], [7]).

On or about May 29, 2002, the law firm of Volf Birman, P.C., was convicted of enterprise corruption, a class B felony, in the Supreme Court, Queens County (Buchter, J.). The respondent was the sole owner, shareholder, and attorney of Volf Birman, P.C.

Charge Two alleges that the respondent engaged in a pattern of filing or causing to be filed inaccurate, incomplete, and/or misleading retainer statements with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]) and 22 NYCRR 691.20.

Between approximately July 1999 and December 2000 the respondent filed or caused to be filed approximately 1,400 retainer statements with OCA. With respect to question seven on the retainer statements concerning the name, address, occupation, and relationship of the persons referring clients, the respondent provided inaccurate, incomplete, and/or misleading information, to wit, "general reputation."

Charge Three alleges, among other things, that the respondent engaged in a pattern and practice of filing or causing to be filed incomplete and/or misleading closing statements with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) and 22 NYCRR 691.20.

In or about May 2002 the respondent filed or caused to be filed closing statements with OCA in connection with 10 client matters. Those statements inaccurately reported the sums of

money paid to the clients and received by the respondent as fees.

Charge Four alleges that the respondent engaged in a pattern and practice of filing or causing to be filed late retainer and closing statements with OCA, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and 22 NYCRR 691.20.

Between 1999 and 2002 the respondent was retained to handle numerous personal injury cases. He was required, pursuant to 22 NYCRR 691.20, to file a retainer statement with OCA within 30 days of being retained in those cases. He was also required by that section to file a closing statement with OCA within 15 days of receiving a settlement in those cases or within 30 days if there was no recovery.

Charge Five alleges that the respondent converted funds entrusted to him as a fiduciary, incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

At all times relevant to this proceeding up to and including May 15, 2002, the respondent maintained an escrow account at Maspeth Federal Savings Bank (hereinafter Maspeth Federal) entitled "Volf Birman, P.C., Attorney Trust Account/IOLA." On or about February 11, 2002, he deposited a $15,000 settlement check from State Farm Insurance Company on behalf of a client, Frederick Hartridge, into that account. On or about February 20, 2002, the respondent withdrew his fee of $5,000 in connection with the Hartridge matter. On or about March 15, 2002, he remitted $9,000 to Mr. Hartridge, representing the client's share of the settlement funds. On or about February 28, 2002, the balance in the respondent's IOLA account fell to $8,787.61.

Charge Six alleges that the respondent converted funds entrusted to him as fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

On or about January 31, 2002, the respondent deposited a $5,000 settlement check from Progressive Insurance Company on behalf of his client, Ibrahim Elbahuwati, into his IOLA account at Maspeth Federal. Between February 15, 2002 and March 15, 2002, the respondent was required to maintain intact in his escrow account the aggregate amount due to Elbahuwati and Hartridge ($12,981).

On or about February 28, 2002, the balance in that account dropped to $8,787.61 and remained below $12,981 through at least March 15, 2002.

Charge Seven alleges that the respondent converted funds entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46) and DR 1-102 (a) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]).

As of January 1, 2002, the respondent was required to maintain aggregate client funds totalling $106,853 in his IOLA account at HSBC Bank (hereinafter HSBC). On January 1, 2002, the balance in that account was depleted to $56,220.76.

Charge Eight alleges that the respondent mishandled funds entrusted to him as a fiduciary incident to his practice of law, in violation of Code of Professional Responsibility DR 9-102 (22 NYCRR 1200.46) and DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]).

Between approximately November 2001 and April 2002, funds entrusted to the respondent as a fiduciary incident to his practice of law were deposited into his IOLA account at HSBC. During that interval, the respondent made bulk transfers and/or wrote bulk checks to himself from that IOLA account on some 40 occasions, totaling $1,100,845. The respondent failed to establish his entitlement to such funds.

Charge Nine alleges that the respondent failed to maintain required records for his attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]).

The respondent failed to maintain a contemporaneous ledger book or similar record for his attorney escrow accounts showing the source of all funds deposited therein, the name of all persons for whom funds were held, the amount of such funds, the charges or withdrawals from the accounts, and the names of all persons to whom such funds were disbursed.

Charge Ten alleges, among other things, that the respondent violated Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

The respondent falsely notarized clients' signatures on affidavits submitted in connection with litigation and also directed his staff to do so. The respondent and/or his staff backdated those affidavits after falsely notarizing them. The respondent engaged in said practice on at least 20 occasions.

Charge Eleven alleges that the respondent engaged in impermissible conflicts of interest, in violation of Code of Professional Responsibility DR 5-105 (22 NYCRR 1200.24).

The respondent was retained to simultaneously represent the driver and two of his passengers emanating from an automobile accident which occurred on January 14, 2001.

In other accidents which occurred on or about January 22, 2001, February 1, 2001, February 8, 2001, and April 9, 2001, the respondent was retained to simultaneously represent the driver as well as two passengers in the driver's vehicle.

The evidence adduced supports a finding that Charges One, Two, Four, Five, Six, Seven, Eight, Nine and Eleven should be sustained in their entirety and that Charges Three and Ten should be sustained to the extent that they allege violations of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). The Grievance Committee's motion to confirm in part and disaffirm in part should be granted except with respect to those portions of Charges Three and Ten which have not been sustained. The respondent's cross motion should be granted only with respect to those portions of Charges Three and Ten which have not been sustained and otherwise denied.

In determining an appropriate measure of discipline, the respondent asks the Court to consider the testimony of his character witnesses attesting to his good reputation for truthfulness and integrity. In addition, the respondent points to his expressed remorse, his acceptance of responsibility for his actions, and the absence of venality.

The respondent's prior disciplinary history consists of a one-year suspension imposed by opinion and order of this Court dated April 12, 2004, based upon his conviction of the serious crime of employing an individual to illegally solicit clients (*see Matter of Birman,* 7 AD3d 11 [2004]).

The respondent's blatant disregard of his fiduciary responsibilities, as well as his misdemeanor conviction and the felony conviction of his law firm, warrant his disbarment.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and KRAUSMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted to the extent that Charges One, Two, Four, Five, Six, Seven, Eight, Nine and Eleven are sustained in their entirety, and Charges Three and Ten are sustained to the extent that they allege violations of Code of

Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]), and the motion is otherwise denied; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part is granted only with respect to those portions of Charges Three and Ten which are not sustained and the cross motion is otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Volf Z. Birman, admitted as Volf Zev Birman, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Volf Z. Birman, admitted as Volf Zev Birman, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Volf Z. Birman, admitted as Volf Zev Birman, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Volf Z. Birman, admitted as Volf Zev Birman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).