# State of New York
## Supreme Court, Appellate Division

Decided and Entered:  November 3, 2016          D-61-16

_____

In the Matter of MICHAEL D.
   HALBFISH, a Suspended Attorney.          MEMORANDUM AND ORDER
                                                ON MOTION
(Attorney Registration No. 2823904)

_____


Calendar Date:   October 17, 2016

Before:  McCarthy, J.P., Egan Jr., Rose, Clark and Mulvey, JJ.

_____


     Monica A. Duffy, Attorney Grievance Committee for the Third
Judicial Department, Albany (Sarah A. Richards of counsel), for
Attorney Grievance Committee for the Third Judicial Department.


_____


Per Curiam.

     Respondent was admitted to practice by this Court in 1997.
That same year, he was also admitted to practice in New Jersey,
where he maintained an office for the practice of law.

     Following respondent's 2010 censure by the Supreme Court of
New Jersey due to, among other misconduct, negligent
misappropriation of client trust funds (203 NJ 441 [2010]), this
Court, by order entered November 4, 2010, suspended respondent
from the practice of law for six months (78 AD3d 1320 [2010]).
Respondent has not applied for reinstatement and said suspension
remains in effect.  Thereafter, in February 2015, respondent was
disbarred by the Supreme Court of New Jersey on the basis of,
among other things, his gross neglect of client matters and his
failure to cooperate with disciplinary authorities (220 NJ 463
[2015]).  The Attorney Grievance Committee for the Third Judicial
Department (hereinafter AGC) now moves to impose discipline upon
respondent in this state as the result of his disbarment in New
Jersey.  Respondent has not replied to AGC's motion or otherwise

raised any available defenses (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]); therefore, these defenses are waived (see Matter of Dasent, 130 AD3d 1315 [2016]; Matter of Lewis, 132 AD3d 1017 [2015]), and we grant AGC's motion.

Turning to the issue of an appropriate disciplinary sanction, we note that respondent has evinced a disregard for his professional responsibilities and a disinterest in his fate as an attorney in this state by not responding to the instant motion or otherwise appearing in this proceeding (see Matter of Morin, 131 AD3d 799, 800 [2015]). Under all of the circumstances presented – including the serious and unrepentant nature of respondent's considerable professional misconduct in New Jersey – we conclude that respondent should be disbarred in this state (see e.g. Matter of Hock Loon Yong, 130 AD3d 1428, 1429 [2015]; Matter of Felli, 116 AD3d 1335, 1335 [2014]).

McCarthy, J.P., Egan Jr., Rose, Clark and Mulvey, JJ., concur.

ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of the Uniform Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys (see Uniform Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

ENTER:

Robert D. Mayberger
Clerk of the Court