Matter of Walker (2019 NY Slip Op 06563)





Matter of Walker


2019 NY Slip Op 06563


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

PM-131-19

[*1]In the Matter of David Alexander Walker, a Suspended Attorney. (Attorney Registration No. 2359800)

Calendar Date: August 26, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Respondent was admitted to practice by this Court in 1990 and lists a business address in New Jersey, where he was previously admitted to practice in 1983.[FN1] By January 2014 order of this Court, respondent was suspended from the practice of law for engaging in conduct prejudicial to the administration of justice owing to his failure to fulfill his attorney registration obligations beginning with the 2008-2009 biennial period (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1056 [2014]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). He remains suspended to date.

 In July 2017, respondent was temporarily suspended from the practice of law in New Jersey, shortly following his March 2017 guilty plea in the Superior Court of New Jersey, Mercer County, to third-degree conspiracy to use a runner (see NJSA 2C:21-22.1; 2C:5-2). Respondent's conviction stemmed from his involvement in a scheme to recruit automobile accident victims for medical treatment and, as it pertains to respondent, to generate referrals for legal claims (Matter of Walker, 234 NJ 164, 189 A3d 341 [2018]). Specifically, over the course of a 4½-year period, respondent would pay a referral fee to his coconspirators for each accident victim that was referred to his office. During the course of his New Jersey disciplinary proceedings, respondent's actions were determined to be violative of New Jersey Rules of Professional Conduct, rules 8.4 (b) and (c). Accordingly, in July 2018, the Supreme Court of New Jersey suspended respondent for one year, retroactive to the date of his temporary suspension.[FN2] Based on the foregoing, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline on respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 (a) and (c).

 Respondent has not responded to the motion and, thus, he has waived his available defenses (see Matter of Hahn, 167 AD3d 1140, 1141 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). In any event, we find that his actions would violate Rules of Professional Conduct (22 NYCRR § 1200.0) rules 8.4 (b) and (c), which rules proscribe the same conduct as the analogous rules he was found to have violated in New Jersey. Accordingly, we find the misconduct established and turn our attention to the issue of the appropriate disciplinary sanction (see Matter of Jew, ___ AD3d ___, ___, 103 NYS3d 882, 882 [2019]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]).

 In aggravation, we note respondent's failure to advise this Court or AGC of either his New Jersey suspension (see Matter of Graham, 164 AD3d 1520, 1521 n 1 [2018]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]) or his conviction in that state (see Judiciary Law § 90 [4] [c]; Matter of Briggs, 120 AD3d 1522, 1523 [2014]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [a]).[FN3] Moreover, respondent has a persistent registration delinquency spanning the last six registration periods, having last registered for the 2006-2007 biennial period (see Matter of Brownell, 163 AD3d 1346, 1348 n 1 [2018]). Finally, we find that respondent's failure to abide by his obligations as an attorney in this state, along with his failure to respond in this matter, are indicative of his lack of interest in his fate as an attorney in this state (see Matter of Ezeala, 163 AD3d 1348, 1349 [2018]; Matter of Halbfish, 144 AD3d 1263, 1263 [2016]). Having considered all of the facts and circumstances present here, including the nature of respondent's misconduct, we find that a lengthy suspension is appropriate in order "to protect the public, maintain the honor and integrity of the profession, [and] deter others from committing similar misconduct" (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]; see generally Matter of Birman, 7 AD3d 11, 12 [2004]). Accordingly, we grant AGC's motion and suspend respondent from the practice of law for a 15-month period. Further, as respondent currently remains suspended in New Jersey, we require that he submit to this Court, as part of any future application for reinstatement, proof of his reinstatement in New Jersey along with proof of satisfaction of his registration requirements in this state (see Matter of Colby, 156 AD3d 1215, 1216 [2017]).

 Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ., concur.

 ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further

 ORDERED that respondent is suspended from the practice of law for a period of 15 months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further

 ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further

 ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).









Footnotes

Footnote 1: Respondent was also admitted to practice in the District of Columbia in 1989.

Footnote 2: We note that respondent has not been reinstated in New Jersey despite his term of suspension effectively expiring before the date that his final suspension order was entered.

Footnote 3: Because respondent has failed to participate in these proceedings, he offers nothing for our consideration in mitigation (see Matter of Hahn, 167 AD3d at 1141).