Matter of Hankes (2022 NY Slip Op 06536)

Matter of Hankes

2022 NY Slip Op 06536

Decided on November 17, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 17, 2022

PM-194-22
[*1]In the Matter of Robert John Hankes, an Attorney. (Attorney Registration No. 5304712.)

Calendar Date:August 1, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser, of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 2015 and has no prior disciplinary history in New York. He previously listed a business address with the Office of Court Administration in Illinois, where he was admitted in 2006 and where he currently resides. By order dated January 20, 2022, the Supreme Court of Illinois suspended respondent from the practice of law in that jurisdiction for a period of three years based upon findings that respondent had violated a disciplinary rule by, among other things, fraudulently submitting invoices to clients and payment requests to his employer, an Illinois law firm (see Illinois Rules of Professional Conduct Rule 8.4 [c]). Respondent remains so suspended in Illinois to date.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now accordingly moves, by order to show cause marked returnable on August 1, 2022, and supported by affirmation of counsel, to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his established misconduct in Illinois. Respondent has not submitted a response to AGC's motion.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." In defense, an attorney may assert that the disciplinary proceedings in the foreign jurisdiction lacked due process; that there was an infirmity of proof establishing the misconduct; or that the alleged misconduct forming the basis for discipline in the foreign jurisdiction would not constitute misconduct in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Here, in light of respondent's failure to respond to AGC's motion, he has waived any available defenses and AGC's motion to impose discipline is granted (see Matter of Colby, 156 AD3d 1215, 1215-1216 [3d Dept 2017]; Matter of Tan, 149 AD3d 1344, 1345 [3d Dept 2017]; Matter of Halbfish, 144 AD3d 1263, 1263 [3d Dept 2016]).
Turning to the issue of the sanction to be imposed, we are not obliged to impose the same sanction that was imposed by the foreign tribunal, but rather are charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct (see Matter of Yiheng Lou, 206 AD3d 1221, 1224 [3d Dept 2022]; Matter of Hoines, 185 AD3d 1349, 1350 [3d Dept 2020]; see also Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]). Respondent's misconduct in Illinois, which he admitted to in the underlying Illinois disciplinary proceeding, is serious and, if perpetrated in New York, would similarly constitute serious misconduct under New York's analogous rule (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c]).
In mitigation, we note that respondent appears compliant [*2]with the Illinois suspension order, provided some notice of his Illinois suspension (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]) and has maintained his attorney registration in this state (compare Matter of Zankowski, 208 AD3d 1495, 1497 [3d Dept 2022]). In aggravation, we observe that respondent has failed to present any substantive mitigating circumstances beyond the factors presented during his Illinois disciplinary proceeding (see ABA Standards for Imposing Lawyer Sanctions standards 9.32 [a], [d], [l]) that would support a deviation from the seriousness of the discipline imposed in Illinois (see Matter of Ugwuonye, ___ AD3d ____, _____, 2022 NY Slip Op 06057, *1 [3d Dept 2022]) and his failure to participate in these proceedings demonstrates a disregard for his fate as an attorney in this state (see Matter of McSwiggan, 169 AD3d 1248, 1250 [3d Dept 2019]; Matter of Halbfish, 144 AD3d at 1264). Accordingly, we conclude that a three-year suspension from the practice of law, consistent with the sanction imposed in Illinois, is appropriate in this state. Furthermore, we condition any future application by respondent for his reinstatement in this state upon proof that he has been fully reinstated to the practice of law in Illinois.
Egan Jr., J.P., Lynch, Aarons, Pritzker and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).