Matter of Radshaw (2023 NY Slip Op 01042)

Matter of Radshaw

2023 NY Slip Op 01042

Decided on February 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 23, 2023

PM-36-23
[*1]In the Matter of John Jay Radshaw, a Suspended Attorney. (Attorney Registration No. 2950335)

Calendar Date:October 31, 2022

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser, of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice in his home state of Connecticut in 1998. He was admitted to practice by this Court in 1999, but was later suspended, for a 90-day term, by July 2015 order of this Court (Matter of Radshaw, 130 AD3d 1139 [3d Dept 2015]). He remains so suspended in New York to date. In January 2017, a Connecticut Superior Court imposed a stayed six-month suspension on respondent based upon that Court's determination that he failed to respond to a grievance complaint (see Connecticut Rules of Professional Conduct 8.1 [2]). Respondent's Connecticut law license is currently active.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now seeks to impose discipline upon respondent in New York as a consequence of this latest Connecticut misconduct pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13. Respondent has not submitted a response to AGC's motion.
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits us to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." However, "[t]he respondent may file an affidavit stating defenses to the imposition of discipline and raising any mitigating factors" including lack of due process, infirmity of proof establishing the misconduct or that the misconduct in the foreign jurisdiction does not constitute misconduct in New York (Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). To date, respondent has not responded or otherwise replied to AGC's motion and, thus, "he has waived any available defenses and AGC's motion to impose discipline is granted" (Matter of Hankes, 210 AD3d 1282, 1282 [3d Dept 2022]; see Matter of Colby, 156 AD3d 1215, 1215-1216 [3d Dept 2017]). In any event, we note that respondent's conduct in Connecticut would, if perpetrated here, similarly constitute misconduct in New York (see Connecticut Rules of Professional Conduct § 8.1 [2]; Rules of Professional Conduct [22 NYCRR] rule 8.4 [d]; see generally Matter of Chan, 126 AD3d 1111, 1111 [3d Dept 2015]).
Turning next to the issue of the sanction to be imposed, we are "not obliged to impose the same sanction that was imposed by the foreign tribunal, but rather . . . charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct" (Matter of Hankes, 210 AD3d at 1282-1283). In mitigation, we note that respondent made a good-faith effort in resolving the underlying claim with the complainant in Connecticut and did not charge said complainant for his services (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [d]). However, respondent has not presented any additional mitigating circumstances, and, in aggravation, we note respondent's extensive disciplinary history both in this Court and in Connecticut, respondent's failure to [*2]report his suspension to this Court as required and his current delinquency in his biennial registration obligation. Accordingly, in order to protect the public, maintain the honor and integrity of the profession, and deter others from committing similar misconduct, we suspend respondent for a six-month term, effective immediately and until further order of this Court (see Matter of Caraco, 197 AD3d 1391, 1393 [3d Dept 2021]; Matter of Basch, 175 AD3d 1772, 1774 [3d Dept 2019]; Matter of Proskurchenko, 171 AD3d 1439, 1440 [3d Dept 2019]).
Garry, P.J., Lynch, Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of six months, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).