Matter of Sherman (2023 NY Slip Op 01126)

Matter of Sherman

2023 NY Slip Op 01126

Decided on March 2, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 2, 2023

PM-38-23
[*1]In the Matter of Jeffrey Marc Sherman, a Suspended Attorney. (Attorney Registration No. 1891498.)

Calendar Date:November 21, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and Ceresia, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jeffrey Marc Sherman, Arlington, Virginia, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1983, but was later suspended by September 2022 order (Matter of Attorneys in Violation of Judiciary Law § 468-a, 208 AD3d 1421, 1441 [3d Dept 2022]) as a consequence of his longstanding registration delinquency. Respondent has also been admitted to practice in Virginia and before the District of Columbia Court of Appeals, among other federal jurisdictions. By 2020 orders, however, respondent's license to practice law was revoked upon his consent by Virginia disciplinary authorities and respondent was similarly disbarred, upon his consent, by the District of Columbia Court of Appeals, based upon allegations that he mismanaged client funds in connection with his representation of a number of bankruptcy clients.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly now moves to impose discipline upon respondent as a consequence of his revocation of license by Virginia disciplinary authorities and his disbarment by the District of Columbia Court of Appeals. AGC's motion is by order to show cause marked returnable on November 21, 2022. In responsive papers filed with the Court on November 23, 2022, respondent does not object to the imposition of discipline against him.
Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c) permits us to "discipline [a] respondent for the misconduct committed in [a] foreign jurisdiction." Since respondent does not object to the imposition of discipline against him, he has effectively waived any of his available defenses. In any event, if respondent had engaged in the same conduct in New York as led to his discipline in Virginia and the District of Columbia, it would invariably be deemed misconduct here as well (see Rules of Prof Conduct [22 NYCRR 1200.00] rules 1.5 [a]; 1.15 [a]-[c]; 8.4 [c]).
Concerning the sanction to be imposed, this Court is "not obliged to impose the same sanction that was imposed by the foreign tribunal, but rather [is] charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct" (Matter of Hankes, 210 AD3d 1282, 1282-1283 [3d Dept 2022]). To that end, this Court has held that an attorney's consent to disbarment or revocation of his or her license while under investigation "in a foreign jurisdiction is 'tantamount to a disciplinary resignation in this state' " (Matter of Canney, 165 AD3d 1461, 1461 [3d Dept 2018], quoting Matter of Vega, 147 AD3d 1196, 1198 [3d Dept 2017]).
Further, respondent does not oppose, and affirmatively consents to, his disbarment from the practice of law in the State of New York and also waives his right to raise or assert any mitigating circumstances affecting the instant proceeding. Accordingly, given the facts presented, we order respondent be disbarred from the practice of law in New York "in order to protect the public, maintain the honor and integrity [*2]of the profession and deter others from committing similar misconduct" (Matter of Friedman, 166 AD3d 1208, 1209 [3d Dept 2018]; see Matter of Canney, 165 AD3d at 1462).
Garry, P.J., Egan Jr., Clark, Aarons and Ceresia, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further 
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).