Matter of Beyer (2025 NY Slip Op 05137)

Matter of Beyer

2025 NY Slip Op 05137

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

PM-213-25
[*1]In the Matter of Dana J. Beyer, an Attorney. (Attorney Registration No. 2365377.)

Calendar Date:August 11, 2025

Before:Aarons, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Aaron Lawson of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Dana J. Beyer, Wells, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 1990 following his admission in Connecticut in 1989. In April 2024, respondent was reprimanded, upon his consent, by the Superior Court of Connecticut for the Judicial District of Waterbury. Further, as part of the negotiated agreement between respondent and Connecticut disciplinary authorities, respondent permanently retired from the practice of law in that state. Such discipline was imposed upon stipulated facts establishing that respondent failed to hold the property of a client separate from his own property and failed to promptly deliver to the client any funds that the client was entitled to receive (see Conn Rules of Prof Conduct rule 1.15 [b], [e]). Respondent's misconduct in Connecticut stemmed from his representation of a husband and wife in an action arising out of an automobile accident wherein the husband and wife were awarded settlements. Respondent agreed to hold $2,000 in settlement funds based on the husband's status as a recipient of Supplemental Security Income, despite respondent's failure to maintain an IOLTA account. Respondent notified the husband that no liens existed on the funds in his possession in January 2023, however he failed to remit those funds to the husband for approximately one month.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now accordingly moves to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his established professional misconduct in Connecticut. Respondent has been heard in response and consents to the imposition of a censure or reprimand "in accordance with" the findings of Waterbury Superior Court.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court may discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Initially, "[b]ased on respondent's concession to the imposition of discipline and his failure to otherwise raise any affirmative defenses pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), he has waived his ability to do so" (Matter of Brammer, 227 AD3d 1219, 1221 [3d Dept 2024]; accord Matter of Hediger, 230 AD3d 847, 849 [3d Dept 2024]). Accordingly, we turn our attention to the sanction to be imposed, as well as the relevant aggravating and mitigating factors.
At the outset, "we are not obliged to impose the same sanction that was imposed by the foreign tribunal" (Matter of Radshaw, 213 AD3d 1193, 1194 [3d Dept 2023] [internal quotation marks and citation omitted]). In aggravation, AGC notes that respondent has failed to timely report his suspension to this Court as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d) (see Matter of Mendelsohn, 230 AD3d 943, 945-946 [3d Dept 2024]; Matter of Radshaw, 213 AD3d at 1194). Additionally[*2], respondent personally used client funds (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b], [h]). Nonetheless, the record reflects that his misconduct involved only one client over a short period of time, respondent was transparent with the client, the $2,000 was remitted prior to the filing of the initial disciplinary complaint, respondent was cooperative with the disciplinary proceedings and he does not have a prior disciplinary history, either in Connecticut or this state (see ABA Standards for Imposing Lawyer Sanctions standard 9.32 [a], [d], [e]). Accordingly, based on the mitigating factors presented, and in consideration of all the facts and circumstances, we conclude that a censure is appropriate (see Matter of Kashani, 232 AD3d 1105, 1108-1109 [3d Dept 2024]; Matter of Shedlick, 171 AD3d 1448, 1149-1450 [3d Dept 2019]).
Aarons, J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur. Ceresia, J., concurs in part and dissents in part, and would grant the motion of the Attorney Grievance Committee for the Third Judicial Department and suspend respondent from the practice of law in this state for a period of three months.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.