[52 NYS3d 469]

In the Matter of PHILIP M. FALCO III, an Attorney, Respondent.

Second Department, April 26, 2017

## APPEARANCES OF COUNSEL

*Mitchell T. Borkowsky*, Hauppauge (*Nancy B. Gabriel* of counsel), for petitioner.

*Philip M. Falco III*, Denver, Colorado, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

By order dated July 7, 2016, the Supreme Court of the State of Colorado suspended the respondent from the practice of law for a period of nine months based upon misconduct that stems from a criminal conviction (*People v Falco*, 2016 WL 4442171, 2016 Colo Discipl LEXIS 89 [Sup Ct, Colo 2016]). On February 3, 2015, in Adams County Court, Colorado, the respondent entered a plea of guilty to the charge of attempted assault in the third degree upon his then wife, a class two misdemeanor. The respondent was sentenced to one year probation and required to pay $1,474.50 in fines and costs. The conditions of probation required the respondent to: (1) attend weekly 90-minute domestic violence group therapy classes for nine months; (2) attend weekly two-hour anger management classes for nine months; (3) regularly report to his probation officer; and (4) undergo random drug and alcohol EtG (Ethyl Glucuronide) testing. The respondent completed his probation after nine months.

The Colorado Disciplinary Proceedings

On November 18, 2015, the Office of Attorney Regulation Counsel filed a complaint against the respondent alleging that he violated Colorado Rules of Professional Conduct rule 8.4 (b), which provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects. The respondent, by counsel, filed an answer dated December 15, 2015, admitting that charge. The respondent's conviction and disciplinary case were premised on his assault of his then wife, Amber Falco, on December 1, 2013. "At the time of the assault . . . Respondent was at home with Ms. Falco and their three children, who were aged one, three, and five. Ms. Falco was twenty weeks pregnant" (2016 WL 4442171,

*2, 2016 Colo Discipl LEXIS 89, *4). On December 5, 2013, the respondent filed for a divorce. The parties were divorced by a "[d]issolution . . . entered on November 4, 2014" (*id.*).

A disciplinary hearing was held before a hearing board on June 1, 2016, at which Ms. Falco, the respondent, and the responding police officer, Kyle Michieli, testified. The hearing board found that the respondent's testimony was not credible, and noted that "in subtle but numerous ways [he] sought to minimize his own conduct and to malign Ms. Falco" (*People v Falco*, 2016 WL 4442171, *4, 2016 Colo Discipl LEXIS 89, *12 [Sup Ct, Colo 2016, case No. 15PDJ101]). Further, "[h]is credibility was . . . impugned by the false statements he made to [officer] Michieli on the day of the assault and by his refusal to acknowledge those misrepresentations at the disciplinary hearing" (2016 WL 4442171, *4, 2016 Colo Discipl LEXIS 89, *12). Based upon this assessment, the hearing board found by clear and convincing evidence that:

> "Respondent struck Ms. Falco with a closed fist several times. Her concussion and the redness that Michieli observed on Respondent's knuckles make it highly implausible that Respondent hit her with an open hand, as he claims. In addition, the injuries on Ms. Falco's face—not the side of her head—convince us that Respondent hit her while he was pinning her face-up on the bed . . . Finally, based on several considerations, including Respondent's efforts to minimize his own conduct and to blame Ms. Falco, we find that he has not been rehabilitated from the underlying issues that led to his assault upon Ms. Falco" (2016 WL 4442171, *4, 2016 Colo Discipl LEXIS 89, *12-13).

In determining an appropriate sanction, the hearing board determined that the respondent committed the assault with a "knowing state of mind," and that he caused his family "serious physical and emotional injury" (2016 WL 4442171, *5, 2016 Colo Discipl LEXIS 89, *14). In mitigation, the hearing board considered the respondent's lack of disciplinary history, cooperative attitude toward the proceedings, the imposition of other penalties (e.g., one night in jail, paid fines and costs, and probationary conditions). In aggravation, the hearing board noted that the respondent's conduct was a criminal offense, and that he refused to acknowledge the wrongful nature of his conduct and the vulnerability of the victim. While the respon-

dent also argued, among other things, that his "deep remorse" should be considered a factor in mitigation, the hearing board declined to do so, finding that the respondent's claim of remorse was not fully credible (2016 WL 4442171, *7, 2016 Colo Discipl LEXIS 89, *21). Upon consideration, the hearing board concluded that:

> "Respondent committed a violent assault on his pregnant wife while his children were present in the family home. That conduct represented a 'raw assault on the basic individual right to physical security that lies at the core of civilized society' [*Iowa Supreme Court Attorney Disciplinary Bd. v Deremiah*, 875 NW2d 728, 738 (Sup Ct, Iowa 2016)]. Moreover, the assault ran counter to Respondent's role as a lawyer, since '[t]he essence of the conduct of a lawyer is to facilitate the resolution of conflicts without recourse to violence, for law is the alternative to violence' [*In Re Grella*, 438 Mass 47, 52, 777 NE2d 167, 171 (Sup Jud Ct, Suffolk County 2002)]. In this disciplinary case, Respondent has not been fully candid, nor has he given the Hearing Board any confidence that his misconduct will not recur" (2016 WL 4442171, *10, 2016 Colo Discipl LEXIS 89, *29-30).

Based upon the foregoing, the respondent was suspended from the practice of law in the State of Colorado for a period of nine months, effective August 11, 2016, with the requirement that the respondent petition for reinstatement.

The New York Proceeding

In response to this Court's order to show cause dated October, 27, 2016, the respondent submitted an affidavit in which he expresses deep remorse for his "terrible conduct," and states that he has "tried hard to rectify it to the extent humanly possible." In mitigation, the respondent seeks consideration of the following: that the "incident was an incredibly impulsive and instantaneous act," but was not "dishonest" or the result of a "selfish motive"; that he has "tried to rectify the consequences of [his] misconduct [toward his] former wife, the victim, and share . . . joint custody of the children. . . . [T]he divorce was amicable and was the result of an 'out-of-court' mediated agreement"; that he completed the conditions of his probation, including attendance at domestic violence group therapy, anger management classes, and random EtG and drug testing (never

positive), and met with his probation officer on a monthly basis; that he timely reported his conviction and voluntarily provided the Grievance Committee with all information requested; and that he has no prior disciplinary history in his 20 years as an attorney.

Based upon the misconduct underlying the order of the Supreme Court of the State of Colorado dated July 7, 2016, we find that the gravity of the offense of domestic violence warrants the respondent's suspension from the practice of law for a period of three years (*see Matter of Zulandt*, 93 AD3d 77 [2012]).

ENG, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.

Ordered that pursuant to 22 NYCRR 1240.13 (c), the respondent, Philip M. Falco III, is suspended from the practice of law for a period of three years, commencing May 26, 2017, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than November 26, 2019. In such application (*see* 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred and suspended attorneys (*see* 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (a), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Philip M. Falco III, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (*see* 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Philip M. Falco III, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Philip M. Falco III, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f).