Matter of Salami (2017 NY Slip Op 08526)





Matter of Salami


2017 NY Slip Op 08526


Decided on December 6, 2017


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 6, 2017
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RANDALL T. ENG, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LEONARD B. AUSTIN, JJ.


2017-04924

[*1]In the Matter of Steven Hosseyn Salami, an attorney and counselor-at-law. (Attorney Registration No. 3908472)



The respondent, Steven Hosseyn Salami, was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 7, 2001. By order to show cause dated June 1, 2017, this Court directed the respondent to show cause why discipline should or should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed upon him by an order of the Supreme Court of New Jersey dated March 29, 2017.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts.
Richard E. Grayson, White Plains, NY, for respondent.



PER CURIAM.


OPINION & ORDER
By order dated March 29, 2017, the Supreme Court of New Jersey publicly censured the respondent based upon misconduct that stems from a criminal conviction. On November 17, 2011, the respondent entered a plea of guilty in New Jersey to a downgraded offense of simple assault, a disorderly persons offense. The respondent was sentenced to a 30-day term of imprisonment, which was suspended upon the condition that he complete anger management counseling. In addition, the respondent was ordered to pay a $500 fine and other costs. The respondent failed to notify this Court of his conviction, pursuant to Judiciary Law § 90(4)(c).
The New Jersey Disciplinary Proceeding
On December 23, 2015, the New Jersey Office of Attorney Ethics (hereinafter the OAE) filed a motion with the Supreme Court of New Jersey Disciplinary Review Board (hereinafter the DRB) for final discipline based upon the respondent's criminal conviction. In a decision dated September 20, 2016, the DRB found that the respondent's plea of guilty to the disorderly persons offense of simple assault constituted a violation of the New Jersey Rules of Professional Conduct rule 8.4(b), which provides that it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. In determining an appropriate sanction, the DRB considered the "gravity of the attack" on the respondent's victim as established by color photographs of the pictures of the bruising on the victim's back, wrist, arm, and leg, which were submitted to the Judge prior to sentencing, without objection. Additionally, the DRB noted that the Judge at sentencing remarked that "he had looked at the obviously horrendous situation as it relates to the beating, essentially, that . . . the victim took.'" In mitigation, the DRB gave great weight to the passage of five years between the incident, which occurred on January 26, 2011, and the motion for final discipline filed by the OAE on December 23, 2015, as well as the four years since the respondent's plea of guilty on November 17, [*2]2011, that he promptly self-reported his conviction to the New Jersey authorities, his lack of prior ethics or criminal history, his successful completion of anger management treatment, and that he had not engaged in any additional acts of domestic violence. Based upon the foregoing, by a vote of 4 to 3, the DRB recommended a public censure.
By order dated March 29, 2017, with two Justices dissenting, the Supreme Court of New Jersey confirmed the DRB's findings and censured the respondent for his misconduct (see Matter of Salami, 228 NJ 277).
The New York Proceeding
By order to show cause dated June 1, 2017, this Court directed the respondent to show cause why discipline should or should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed upon him by the order of the Supreme Court of New Jersey dated March 29, 2017. In response, the Court received an affirmation from the respondent's counsel dated June 29, 2017, and an affidavit from the respondent, sworn to on June 28, 2017, in which, as permitted by 22 NYCRR 1240.13(b), the respondent requested the Court to consider in mitigation, inter alia, the aberrational nature of his misconduct, which occurred more than six years ago, his successful completion of anger management treatment, the death of his father, and his current role as the main caregiver for his mother. In view thereof, the respondent and his counsel request the Court to refer the matter back to the Grievance Committee for private disposition or, in the alternative, limit any public discipline imposed to a censure.
In considering this matter, we note that the offense of "simple assault" in New Jersey is essentially similar to the New York class A misdemeanor of assault in the third degree, under Penal Law § 120.00(2), for which this Court has previously imposed discipline. We also note that the respondent promptly notified the New Jersey authorities of his conviction, which was a factor considered in mitigation in the New Jersey proceeding. However, the respondent failed to notify this Court of his conviction in 2011, as required by Judiciary Law § 90(4)(c), which we find is an aggravating factor in determining the appropriate measure of discipline.
Based upon the misconduct underlying the order of the Supreme Court of New Jersey dated March 29, 2017, we find that the imposition of reciprocal discipline is warranted. Notwithstanding the respondent's request to limit any public discipline imposed to a censure, we conclude that the nature of his criminal conduct warrants his suspension from the practice of law for a period of six months (see Matter of Falco, 150 AD3d 186).
ENG, P.J., MASTRO, RIVERA, DILLON and AUSTIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13(c), the respondent, Steven Hosseyn Salami, is suspended from the practice of law for a period of six months, commencing January 8, 2018, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than June 8, 2018. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Steven Hosseyn Salami, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Steven Hosseyn Salami, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Steven Hosseyn Salami, has been issued a secure [*3]pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court