Matter of Tabacco (2019 NY Slip Op 02488)





Matter of Tabacco


2019 NY Slip Op 02488


Decided on April 2, 2019


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. David Friedman,Justice Presiding,
Dianne T. Renwick
Troy K. Webber
Marcy L. Kahn
Cynthia S. Kern,Justices.


M-360

[*1]In the Matter of Errol J. Tabacco, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Errol J. Tabacco, (OCA Atty. Reg. No. 3053808) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Errol J. Tabacco, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on May 22, 2000.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Errol J. Tabacco was admitted to the practice of law in the State of New York by the First Judicial Department on May 22, 2000. At all times relevant to this proceeding, respondent maintained a business in Vermont. This Court retains jurisdiction over respondent as the Judicial Department in which he was admitted to practice (Rules for Attorney Disciplinary Matters [22 NYCRR] 1240.7[a][2]).
By order entered December 20, 2018, the Supreme Court of Vermont finalized the decision of a Hearing Panel of the Professional Responsibility Board of Vermont (PRB) suspending respondent from the practice of law for 15 months based upon his convictions of domestic assault and simple assault by mutual affray (13 V.S.A. §§ 1042, 1023[b]).
The Attorney Grievance Committee (AGC) now seeks an order, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, imposing reciprocal discipline on respondent based upon the discipline imposed by the PRB; or, in the alternative, sanctioning respondent as this Court deems fit.
In April 2018, the Vermont Disciplinary Counsel filed a Petition of Misconduct with the PRB alleging that respondent violated rule 8.4(b) of Vermont's Rules of Professional Conduct (VRPC) (attorneys are prohibited from engaging in conduct involving a serious crime) based on having committed two criminal misdemeanors arising from a domestic assault.
On June 4, 2018, the parties submitted an amended stipulation of facts and a joint recommendation as to an appropriate sanction. As relevant, respondent began a relationship in 2009 with Heidi Putnam, who gave birth to their child in 2011. On or about March 17, 2017, respondent was leaving Ms. Putnam's house after a falling out when he took Ms. Putnam's cell phone to stop her from searching for male companionship on the internet. An altercation then broke out. Respondent was convicted of domestic assault and simple assault by mutual affray in connection with the altercation and fighting with Ms. Putnam's adult son, who was also present.
On November 19, 2018, after analyzing whether respondent's misdemeanor convictions constituted a "serious crime," the Hearing Panel of the PRB determined that his convictions did in fact violate rule 8.4(b) of the VRPC, having concluded that a "fitness" criterion should be implied in the rule. The Panel noted in aggravation that respondent's conduct involved two individuals, resulting in two convictions in violation of the criminal law (ABA Standards § 9.22[d],[k]); and in mitigation that he had no prior disciplinary record, he was cooperative during the disciplinary process and the convictions amounted to a significant penalty (ABA Standards § 9.32[a],[e],[k]). Although respondent expressed remorse and acceptance of responsibility, the Panel gave little weight to it, questioning his sincerity. The Panel's decision accepted the stipulated facts and joint recommendation and suspended respondent from the practice of law for 15 months, effective the date of the decision.
On December 20, 2018, the Supreme Court of Vermont cited to the PRB Hearing Panel's decision suspending respondent and noted that respondent did not appeal from the decision and the Supreme Court did not order review of it on its own motion. Therefore, "[t]he hearing panel's decision has . . . the same force and effect as an order of this Court."
Respondent has not, nor could he, raise any of the defenses available under 22 NYCRR 1240.13 since he was given notice of and an opportunity to be heard in Vermont, there was no infirmity of proof establishing the misconduct, and his acknowledged violation of rule 8.4(b) of VRPC constitutes a violation of rule 8.4(b) of New York's Rules of Professional Conduct (22 NYCRR 1200.0). Based on the findings of the PRB and Supreme Court of Vermont, the imposition of reciprocal discipline is warranted.
Since no available defense exists, the only issue for this Court to determine is the appropriate sanction to impose. As a general rule, in reciprocal discipline matters, this Court gives significant weight to the sanction imposed by the jurisdiction in which the charges were initially brought (see Matter of Peters, 127 AD3d 103, 109 [1st Dept 2015]; Matter of Cardillo, 123 AD3d 147, 150 [1st Dept 2014]).
A 15-month suspension is generally in accord with precedent involving similar misconduct (see e.g. Matter of Zulandt, 93 AD3d 77, 81 [1st Dept 2012]); see also Matter of Falco, 150 AD3d 186 [2d Dept 2017]).
Accordingly, the petition for reciprocal discipline is granted and respondent is suspended from the practice of law for a period of 15 months and until further order of the Court.
All concur.
Order filed. [April 2, 2019]
The motion for reciprocal discipline pursuant to 22 NYCRR 1240.13 is granted, and respondent is suspended from the practice of law in the State of New York for a period of fifteen months, effective May 3, 2019, and until further order of this Court.