Matter of Ugwuonye (2022 NY Slip Op 06057)

Matter of Ugwuonye

2022 NY Slip Op 06057

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

PM-174-22
[*1]In the Matter of Ephraim Chukwuemeka Ugwuonye, a Suspended Attorney. (Attorney Registration No. 2681823.)

Calendar Date:June 6, 2022

Before:Garry, P.J., Egan Jr., Lynch, Clark and Fisher, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1995 and was also admitted in Maryland, the District of Columbia and before the US Tax Court. By December 2008 order of this Court, respondent was suspended from practice for a 90-day term (Matter of Ugwuonye, 57 AD3d 1206 [3d Dept 2008]) based upon his similar suspension in Maryland arising from his violation of numerous provisions of the Maryland Rules of Professional Misconduct (Attorney Grievance Commn. of Maryland v Ugwuonye, 405 Md 351 [2008]). Respondent has never sought to be reinstated in New York and his suspension by this Court therefore remains extant.
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now advises that, by May 2019 order, the District of Columbia Court of Appeals has disbarred respondent for, among other things, recklessly misappropriating client funds in three separate matters, commingling personal funds with entrusted funds and writing numerous checks to himself drawn upon his IOLTA (Interest on Lawyers' Trust Account) (Matter of Ugwuonye, 207 A3d 173 [DCCA 2019]). As a consequence of his disbarment in that jurisdiction, respondent was also disbarred in Maryland by December 2019 order (Attorney Grievance Commn. of Maryland v Ugwuonye, 466 Md 472 [2019]) and by the US Tax Court in July 2019.[FN1] Significantly, respondent failed to provide notice of any of these disciplinary orders to either this Court or AGC as required by Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (d).
Accordingly, AGC now moves, by order to show cause supported by affirmation of counsel, to impose discipline upon respondent in this state pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 as the result of his discipline in the District of Columbia. Respondent has not appeared or responded to the motion to date. Accordingly, we find that he has waived his available defenses and that his misconduct is established (see Matter of Moses, 206 AD3d 1440, 1441 [3d Dept 2022]).
Turning to the issue of the appropriate disciplinary sanction for respondent's misconduct, we note that, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), this Court is authorized to discipline an attorney for "misconduct committed in [a] foreign jurisdiction." Notably, the sanction of disbarment is consistent with New York precedent regarding similar misconduct (see e.g. Matter of Outman, 209 AD3d 42, 43 [1st Dept 2022]; Matter of Clarke, 190 AD3d 57, 59 [1st Dept 2020]; Matter of Malyszek, 171 AD3d 1445, 1445 [3d Dept 2019]). In that regard, given respondent's failure to participate in these proceedings, he has presented no mitigating factors for our consideration that might merit a deviation from the seriousness of the discipline imposed in the District of Columbia (see Matter of McSwiggan, 169 AD3d 1248, 1250 [3d Dept 2019]). Moreover, respondent's misconduct [*2]is further aggravated by, among other factors, his extant suspension in this state since 2008, his failure to properly report his District of Columbia disbarment and other disciplinary orders, his default in responding to AGC's motion and his longstanding registration delinquency in this state, as demonstrated by Office of Court Administration records confirming that he has failed to timely register for six biennial periods beginning in 2011 (see Rules of the Chief Admin of Cts [22 NYCRR] § 118.1 [c]; see also Matter of Attorneys in Violation of Judiciary Law § 468-a [Roberts], 197 AD3d 815 [3d Dept 2021]).
Accordingly, given the seriousness of respondent's unchallenged professional misconduct in the District of Columbia and his demonstrated disregard for his fate as an attorney in New York (see Matter of McSwiggan, 169 AD3d at 1250), we find that to "protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, respondent should be disbarred in this state" (Matter of Cresci, 175 AD3d 1670, 1672 [3d Dept 2019]; see Matter of Moses, 206 AD3d at 1442).
Garry, P.J., Egan Jr., Lynch, Clark and Fisher, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: AGC further advises that, in April 2018 — in an apparently unrelated matter — respondent's name was stricken from the roll of attorneys in Nigeria after he was "found guilty of infamous conduct" in the course of his performance as a legal practitioner in that country.