Matter of Tobias (2022 NY Slip Op 06219)

Matter of Tobias

2022 NY Slip Op 06219

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

PM-183-22
[*1]In the Matter of Frank Alex Tobias, a Suspended Attorney. (Attorney Registration No. 2597326.)

Calendar Date:May 31, 2022

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Law Office of Peter C. Gordon, LLC, Annandale, New Jersey (Peter C. Gordon of counsel), for respondent.

Per Curiam.
Respondent was admitted to practice by this Court in 1994, after being admitted in New Jersey, where he practices law. By January 2014 order of this Court, respondent was suspended from the practice of law in New York for engaging in conduct prejudicial to the administration of justice due to his failure to comply with his attorney registration obligations beginning with the 2006—2007 biennial period (Matter of Attorneys in Violation of Judiciary Law § 468-a, 113 AD3d 1020, 1054 [3d Dept 2014]). Respondent remains so suspended in this state to date, and is currently delinquent for eight consecutive biennial periods.
By November 2021 order, the Supreme Court of New Jersey accepted the recommendation of the New Jersey Disciplinary Review Board (hereinafter the DRB) and imposed a six-month suspension from practice as the result of respondent's plea of guilty in January 2020 to the New Jersey indictable crime of third-degree aggravated assault of a domestic violence victim (Matter of Tobias, 249 NJ 2 [2021]; see NJSA 2C:12-1 [b] [12]; see also NJSA 2C:25-19 [a] [2]).[FN1] Although respondent failed to provide the required notice in this state of his criminal conviction (see Judiciary Law § 90 [4] [c]; Rules for Attorney Disciplinary Matters [22 NYCRR] § [22 NYCRR] § 1240.12 [a]), he did timely provide notice to this Court of the disciplinary order suspending him from the practice of law in New Jersey (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [d]).
The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves to impose discipline upon respondent pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.13 based upon his established misconduct in New Jersey (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [a]).[FN2]
In the alternative, AGC's motion also seeks to impose discipline upon respondent based upon his conviction in New Jersey of a "serious crime" as defined in Judiciary Law § 90 (4) (d) (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2]; Rules of App Div, 3d Dept [22 NYCRR] § 806.12). In his response, respondent does not contest any of the findings of misconduct in the New Jersey disciplinary proceeding or raise any of the available defenses to the imposition of discipline in this state (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Instead, he requests that any sanction of suspension imposed by this Court be no greater than the six-month term imposed in New Jersey.
Initially, in light of the fact that respondent raises no substantive defenses to the imposition of discipline as set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b), we grant that part of AGC's motion and turn to the issue of the appropriate disciplinary sanction (see Matter of Bailey, 177 AD3d 1079, 1080 [3d Dept 2019]; see also Rules for Attorney Disciplinary [*2]Matters [22 NYCRR] § 1240.8 [b] [2]). To that end, we take note of the serious nature of respondent's aggravated domestic assault in New Jersey which, as described by the DRB, occurred after respondent and the victim — his fiancÉe at the time — engaged in a heated argument in a parking lot that resulted in respondent "grabb[ing] the victim's head and "smash[ing] it against the [vehicle] door frame twice," causing a gash to the victim's head. As the victim screamed that she was bleeding, respondent fled and a police officer dispatched to the scene called for an ambulance to take the victim to the hospital for treatment. Although respondent ultimately pleaded guilty to aggravated assault as noted above, he thereafter failed to provide notice of his conviction to the New Jersey disciplinary authorities, one of the factors in aggravation noted by the DRB. The DRB also viewed respondent's claims of remorse as unconvincing, noting respondent's attempts to downplay his criminal conviction and his submission of statements from the victim blaming herself for her injuries. Ultimately, a majority of the DRB concluded that — after noting that a three-month suspension is "the ordinary measure of discipline" for attorneys convicted of acts of domestic violence in that state — the presence of these significant aggravating factors outweighed any mitigating circumstances in respondent's favor and warranted an enhanced six-month suspension, a recommendation that was subsequently accepted by the Supreme Court of New Jersey.
Here, respondent has submitted nothing in mitigation for our consideration and we further note the presence of several matters in aggravation. Respondent not only failed to provide notice of his criminal conviction to this Court and AGC as required, his response to AGC's motion fails to even mention his criminal conviction. Instead, he expresses regret for the events that led to his suspension from practice in New Jersey, which he asserts stemmed from "personal matters" and had nothing to do with his law practice. However, the fact that respondent's domestic assault did not involve his professional practice is immaterial, inasmuch as such egregious criminal behavior runs counter to an attorney's role as the facilitator of "the resolution of conflicts without recourse to violence" (Matter of Falco, 150 AD3d 186, 189 [2d Dept 2017] [internal quotation marks and citations omitted]) and clearly "reflects adversely on his fitness to practice law" (Matter of Jacoby, 86 AD3d 330, 333 [1st Dept 2011]; see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [k]). Moreover, respondent's refusal to substantively acknowledge the wrongful nature of his conduct constitutes a significant factor in aggravation (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [g]), as does his extant suspension in this state stemming from his longstanding registration delinquency (see Matter of Moses, 206 AD3d 1440, 1442 [3d Dept 2022]). Accordingly, we do not [*3]agree with respondent that a more lenient six-month term of suspension would be an appropriate sanction. Instead, given all of the circumstances and aggravating factors noted above, we conclude that respondent should be suspended for three years from the practice of law in this state (see e.g. Matter of Falco, 150 AD3d at 190; Matter of Zulandt, 93 AD3d 77, 80-81 [1st Dept 2012]).
In light of this result, it is unnecessary to address AGC's alternative request to impose discipline based upon respondent's conviction of a serious crime in New Jersey.[FN3]
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and dismissed in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is suspended from the practice of law for a period of three years, effective immediately, and until further order of this Court (see generally Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: A third-degree crime in New Jersey is the equivalent of a New York felony (see Matter of Chianese, 269 AD2d 87, 89 [1st Dept 2000]; see also Matter of Valandingham, 207 AD3d 989, 989-990 [3d Dept 2022]).

Footnote 2:AGC points out that respondent's professional misconduct in New Jersey also constitutes professional misconduct in New York, inasmuch as the sustained rule violation is nearly identical to Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4 (b).

Footnote 3: In that regard, we note that although the facts set forth in the DRB's decision describing respondent's intentional infliction of a physical injury upon the victim by means of a "dangerous instrument," i.e., a vehicle door frame (see e.g. People v Al Haideri, 141 AD3d 742, 743 [3d Dept 2016], lv denied 28 NY3d 1025 [2016]; People v Bonney, 69 AD3d 1116, 1117 [3d Dept 2010], lv denied 14 NY3d 838 [2010]; People v Ellman, 309 AD2d 535, 535 [1st Dept 2003], lv denied 1 NY3d 571 [2003]), appear to fit within the definition of the New York felony of assault in the second degree (Penal Law § 120.05 [2]) and, thus, potentially support a finding that respondent's New Jersey conviction was essentially similar to a New York felony (see generally Matter of O'Connor, 176 AD3d 68 [2d Dept 2019]), our review confirms that the underlying facts concerning respondent's conviction set forth in the DRB's decision were not similarly documented in the plea allocution transcript and documentation included in that part of AGC's motion seeking to impose discipline pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12.