Matter of Shedlick (2025 NY Slip Op 00142)

Matter of Shedlick

2025 NY Slip Op 00142

Decided on January 9, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 9, 2025

PM-09-25
[*1]In the Matter of Christopher Broughton Shedlick, a Suspended Attorney. (Attorney Registration No. 5367131.)

Calendar Date:December 30, 2024

Before:Garry, P.J., Pritzker, Lynch, McShan and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Christopher Broughton Shedlick, Falls Church, Virginia, respondent pro se.

Per Curiam.
Respondent was admitted to practice by this Court in 2015 and is also admitted in Virginia, where he resides. Following his public reprimand in Virginia due to a series of overdrafts on his attorney escrow account, we censured respondent in 2019 (171 AD3d 1448 [3d Dept 2019]) and we later indefinitely suspended him in September 2022 for conduct prejudicial to the administration of justice arising from his failure to comply with his attorney registration requirements beginning in 2019 (208 AD3d 1421, 1441 [3d Dept 2022]). Respondent has not sought reinstatement from this disciplinary suspension and remains delinquent in his statutory registration obligations to date. In March 2021, respondent stipulated to various violations of Virginia's Rules of Professional Conduct — once again related to his maintenance and management of his attorney trust account — and was suspended by the Virginia State Bar Disciplinary Board for a three-month period, with conditions (see Virginia Rules of Prof Conduct rules 1.15 [c] [1], [2]; [d] [3], [4]). As a consequence of his failure to comport with the conditions of the March 2021 order, the Virginia State Bar Disciplinary Board suspended respondent again in August 2021 for an additional three-month period.[FN1] The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly now moves, by order to show cause, to impose discipline upon respondent due to his latest misconduct in Virginia, and respondent has been heard in response.
Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), we may discipline an attorney for misconduct committed in a foreign jurisdiction and, in defense, an attorney may assert any of three defenses as provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b) (see Matter of Swayze, 230 AD3d 906, 906 [3d Dept 2024]). AGC contends that, as a consequence of his misconduct in Virginia, respondent is subject to discipline in this state (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Respondent does not contest the facts as provided for by AGC's motion and does not cite any of the defenses available in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b). Inasmuch as the record demonstrates that respondent admitted to certain facts and rule violations in Virginia (see Virginia Rules of Prof Conduct rules 1.15 [c] [1], [2]; [d] [3], [4]), and he does not contest that such misconduct would similarly constitute rule violations in this state if committed here (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.15 [d] [1], [2]; 8.4 [d]), we grant AGC's motion, deem the misconduct established and turn to consideration of the appropriate discipline (see e.g. Matter of Tabe, ___ AD3d ____, 2024 NY Slip Op 06111 [3d Dept 2024]; Matter of Haar, 227 AD3d 1364, 1365 [3d Dept 2024]; Matter of Matemu, 197 AD3d 1433, 1434 [3d Dept 2021]).
In aggravation, AGC cites respondent's [*2]substantial experience in the practice of law and his prior disciplinary offenses (see ABA Standards for Imposing Lawyer Discipline standard 9.22 [a], [i]), which includes a public reprimand in Virginia in 2018 for misconduct relating to a series of overdrafts on his attorney escrow account and resulted in his censure in this state in April 2019 (see 171 AD3d at 1459-1450). On this point, our April 2019 censure of respondent referenced his 2009 public reprimand in Virginia, which later resulted in a 2013 reprimand in Maryland (see id. at 1459 n 3). As such, AGC contends that respondent's disciplinary history demonstrates a pattern of misconduct specific to his obligations concerning his attorney trust account (see ABA Standards for Imposing Lawyer Discipline standard 9.22 [c]) and further reveals his repeated failures to provide notice to AGC and this Court regarding the imposition of foreign discipline (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Lastly, AGC notes that respondent's suspension for his failure to maintain his biennial registration obligations and his ongoing registration delinquency demonstrates his disregard to his fate as a New York attorney (see Matter of Radshaw, 213 AD3d 1193 [3d Dept 2023]). Respondent's submissions largely provide mitigating factors, wherein he contends, among other factors, that he is now fully compliant with Virginia's trust account rules (see ABA Standards for Imposing Lawyer Discipline standard 9.32 [d], [e]) and that his failure to maintain his attorney registration obligations in this state was born of "excusable neglect," including personal issues (see ABA Standards for Imposing Lawyer Discipline standard 9.32 [c]).
At the outset, we remind the Bar, including attorneys living and working in other jurisdictions, that an attorney's biennial registration obligations continue unabated "for as long as the attorney remains duly admitted to the bar" (Rules of Chief Admr of Cts [22 NYCRR] § 118.1 [a]-[c], [g]), and may only be terminated by the attorney's death, disbarment or formal resignation upon order by this Court (see Matter of Attorneys in Violation of Judiciary Law § 468-a, 208 AD3d 1421, 1422 [3d Dept 2022]). To that end, respondent's assertions that he has not worked in New York or accepted clients in this state since approximately July 2018 does not relieve him of his obligations to complete his biennial registration every two years, and we note that such obligations continue even in his suspended state. Given all of the facts, and in order to protect the public, maintain the honor and integrity of the profession, and deter others from committing similar misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.8 [b] [2]), we suspend respondent for a period of seven months (see Matter of Hahn, 167 AD3d 1140, 1141 [3d Dept 2018]; Matter of Gebo, 19 AD3d 932, 933 [3d Dept 2005]). In doing so, we remind respondent that a prerequisite for his reinstatement in this state [*3]includes, among other things, resolution of his longstanding attorney registration delinquency, as well as completion of the other prerequisites as set forth in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.16 (a) and Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (a).
Garry, P.J., Pritzker, Lynch, McShan and Powers, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is suspended from the practice of law for a period of seven months, effective immediately, and until further order of this Court (see generally Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16); and it is further
ORDERED that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of suspended attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: Respondent indicates that, in November 2021, his second three-month suspension in Virginia expired, and he is now in good standing in that jurisdiction. As a consequence of his suspension in Virginia, respondent was also suspended by the District of Columbia Court of Appeals (see Matter of Shedlick, 267 A3d 1018 [DC Ct App 2022]; 256 A3d 209 [DC Ct App 2021]), and for six months by the Court of Appeals of Maryland (see Attorney Grievance Commn. Of Maryland v Shedlick, 476 Md 236, 259 A3d 786 [2021]). Respondent likewise advises that he sought, and received, reinstatement in Maryland upon completion of the six-month suspension.