Matter of Hahn (2025 NY Slip Op 01154)

Matter of Hahn

2025 NY Slip Op 01154

Decided on February 27, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 27, 2025

PM-60-25
[*1]In the Matter of Sanghwan Hahn, a Suspended Attorney. (Attorney Registration No. 2773000)

Calendar Date:January 27, 2025

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Mackey, JJ. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent, who last listed a New Jersey business address with the Office of Court Administration, was admitted to practice in New Jersey in 1994 and by this Court in 1996. By May 2017 order of the Supreme Court of New Jersey, respondent was suspended from practice in that state for a three-month term upon stipulated facts establishing, among other misconduct, his negligent misappropriation of client funds and his engagement in an improper business transaction with a client. Upon ensuing application by the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC), and respondent's default in responding to same, we suspended respondent for a six-month term by December 2018 order (167 AD3d 1140 [3d Dept 2018]), due to his established New Jersey misconduct. Respondent remains suspended from practice in both New Jersey and this state and, in September 2019, the Supreme Court of New Jersey further censured respondent due to his failure to abide by the terms of that Court's May 2017 suspension order (see New Jersey Rules of Prof Conduct rules 8.1 [b]; 8.4 [d]; see also New Jersey Rules of Court rule 1:20-20 [c]). Following additional complaints received by the New Jersey Lawyers' Fund for Client Protection, the Supreme Court of New Jersey disbarred respondent in July 2021 for established misconduct that included the knowing misappropriation of client funds and respondent's unauthorized practice of law in that jurisdiction (see New Jersey Rules of Prof Conduct rules 1.7 [a]; 1.15 [a], [b]; 3.4 [c]; 5.5 [a] [1]; 8.1 [b]; 8.4 [c], [d]; see also Matter of Hollendonner, 102 NJ 21 [1985]; Matter of Wilson, 81 NJ 451 [1979]). AGC now therefore moves to impose additional discipline upon respondent upon the latest findings of misconduct by the Supreme Court of New Jersey (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13; Rules of App Div, 3d Dept [22 NYCRR] § 806.13). Despite service upon respondent by AGC, he has not responded to AGC's motion.
"Pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (c), we may discipline an attorney for misconduct committed in a foreign jurisdiction and, in defense, an attorney may assert any of three defenses as provided for in Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.13 (b)" (Matter of Shedlick, ___ AD3d ___, 224 NYS3d 720, ___, 2025 NY Slip Op 00142 [3d Dept 2025] [citation omitted]). Here, respondent's failure to submit a timely response to AGC's motion constitutes a waiver of the available defenses (see Matter of Laurenzo, 231 AD3d 1236, 1236 [3d Dept 2024]; Matter of Hankes, 210 AD3d 1282, 1282 [3d Dept 2022]).[FN1] Accordingly, we deem the misconduct established, grant AGC's motion and turn to the sanction to be imposed.
On that point, AGC cites several factors in aggravation, including respondent's substantial experience in the practice of law; his disciplinary history, both in New Jersey and in this state, which includes multiple offenses and demonstrates [*2]a pattern of misconduct; and his failure to cooperate with the New Jersey disciplinary proceedings, which resulted in sanctions entered upon respondent's failure to respond (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [a], [c], [d], [e], [i]). We also note that respondent's longstanding registration delinquency in this jurisdiction aggravates his misconduct and demonstrates his disinterest in his fate as an attorney (see e.g. Matter of Tobias, 210 AD3d 1181, 1184 [3d Dept 2022]). Inasmuch as respondent has failed to respond to AGC's motion, he has presented no mitigating factors for consideration, particularly factors that might merit a deviation from the serious discipline imposed in New Jersey (see Matter of Hankes, 210 AD3d at 1283; Matter of Ugwuonye, 209 AD3d 1254, 1255 [3d Dept 2022]). Upon consideration of the facts and circumstances, and in order to protect the public, maintain the honor and integrity of the profession and deter others from committing similar misconduct, we disbar respondent (see e.g. Matter of Ugwuonye, 209 AD3d at 1254-1255; Matter of Cresci, 175 AD3d 1670, 1672 [3d Dept 2019]; Matter of Malyszek, 171 AD3d 1445, 1445-1446 [3d Dept 2019]; Matter of Plimpton, 120 AD3d 1486, 1487 [3d Dept 2014]).
Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Mackey, JJ., concur.
ORDERED that the motion by the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold himself out in any way as an attorney and counselor-at-law in this State; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in his affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15).

Footnotes

Footnote 1: We note that the Supreme Court of New Jersey's orders censuring and disbarring respondent implicate multiple violations of that state's attorney conduct rules, and would likewise constitute misconduct if committed in this jurisdiction, inasmuch as the implicated rules in New Jersey (see New Jersey Rules of Prof Conduct rules 1.7 [a]; 1.15 [a], [b]; 3.4 [c]; 5.5 [a] [1]; 8.1 [b]; 8.4 [c], [d]) are substantially similar, if not identical, to this state's pertinent rules (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.7 [a]; 1.15 [a], [c] [4]; 3.4 [c]; 5.5 [a]; 8.4 [c], [d]).