Matter of Rimer (2025 NY Slip Op 02989)

Matter of Rimer

2025 NY Slip Op 02989

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

PM-122-25
[*1]In the Matter of Alec Andrew Rimer, a Suspended Attorney. (Attorney Registration No. 2412377.)

Calendar Date:April 28, 2025 

Before:Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Cassidy V. Milam of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Respondent was admitted to practice by this Court in 1991, following his admission in his home state of Connecticut in 1990. Respondent was suspended by this Court in May 2019 as a consequence of his longstanding biennial registration delinquency (172 AD3d 1706, 1749 [3d Dept 2019]) and remains so suspended and delinquent in his biennial registration obligations to date. Following a client complaint, the New Haven Grievance Panel concluded that respondent had engaged in misconduct following his failure to appear in court for a scheduled matter and to respond to an official bar inquiry, among other misconduct (see Connecticut Rules of Prof Conduct rules 1.3; 8.4 [4]; Connecticut Practice Book § 2-32 [a] [1]) and directed him to submit his legal fee to arbitration. When respondent failed to comply with the Panel's directive, he received a reprimand upon his consent from the State of Connecticut Waterbury Superior Court in October 2005. Later, following his admission that he failed to provide a written retainer agreement to a client and to respond to Connecticut Disciplinary Counsel's requests for information (see Connecticut Rules of Professional Conduct rules 1.5 [b]; 8.1 [2]), respondent agreed to, among other conditions, take three hours of in-person continuing legal education credits. When respondent failed to complete the credits as agreed, respondent was again reprimanded by the Waterbury Superior Court in July 2024. The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) accordingly now seeks discipline to be imposed on respondent as a consequence of his Connecticut reprimands. While respondent sought, and received, an adjournment of the return date from this Court, he has not submitted a response to AGC's motion.
Upon application by AGC containing proof that an attorney has been disciplined by a foreign jurisdiction, we shall direct that the attorney demonstrate why discipline should not be imposed in New York for the underlying misconduct (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [a]). In response to such an application, the attorney may file an affidavit asserting any of three defenses as provided for in Rules for Attorney Disciplinary Matters § 1240.13 (b) (see Matter of Hahn, 235 AD3d 1234, 1235 [3d Dept 2025]). Here, respondent has failed to submit opposition papers or any response to AGC's motion; thus, he has waived any of the available defenses (see Matter of Laurenzo, 231 AD3d 1236, 1236 [3d Dept 2024]). Notwithstanding respondent's lack of opposition, we nonetheless note that the misconduct established in the Connecticut disciplinary proceedings would constitute misconduct if committed in this jurisdiction (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 1.3 [a]; 1.5 [b]; 1.5 [d] [5] [ii]; 8.4 [d]; see also Matter of Radshaw, 213 AD3d 1193, 1194 [3d Dept 2023]; Matter of Couloute, 174 AD3d 1031, 1032 n [3d Dept 2019]). Accordingly, we grant AGC's motion in this regard and turn to [*2]the imposition of a sanction.
As respondent has failed to submit a response to the motion, he has not submitted any mitigating factors for our consideration (see Matter of Ugwuonye, 209 AD3d 1254, 1255 [3d Dept 2022]). In aggravation of respondent's conduct, we note that his disciplinary history (see ABA Standards for Imposing Lawyer Sanctions standard 9.22 [b]) includes a reprimand by the Connecticut Grievance Committee in 2007 for failing to communicate with a client and to provide a written retainer agreement (see Connecticut Rules of Professional Conduct rules 1.4 [a]; 1.5 [b]), as well as a sanction with conditions issued by the Connecticut Grievance Committee for various violations of escrow record-keeping requirements, among other misconduct (see Connecticut Practice Book §§ 2-27 [c]; 2-28 [h]; Connecticut Rules of Prof Conduct rule 8.1 [2]), which, in total, demonstrates a pattern of misconduct and a disregard for the ethical rules governing attorneys (see Matter of Johnson, 182 AD3d 899, 900 [3d Dept 2020]). Lastly, we note respondent's substantial experience in the practice of law, as well as his suspension in this state from 2019 and continuing to date for failing to maintain his attorney registration obligations, a failure which demonstrates his disregard of his fate as a New York attorney. Accordingly, in order to protect the public, maintain the honor and integrity of the profession and to deter others from engaging in similar misconduct, we now additionally censure respondent (see Matter of Mendelsohn, 230 AD3d 943, 946 [3d Dept 2024]; Matter of Lawler, 40 AD3d 1205, 1205 [3d Dept 2007]).
Garry, P.J., Egan Jr., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted; and it is further
ORDERED that respondent is censured.