Matter of Chu
2026 NY Slip Op 04026
June 25, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Trina Trinhthi Chu, an Attorney. (Attorney Registration No. 3057411)

Decided and Entered:June 25, 2026
PM-129-26
Calendar Date: May 18, 2026
Before: Garry, P.J., Pritzker, Fisher, Mackey And Ryba, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Michael K. Creaser of counsel), for Attorney Grievance Committee for the Third Judicial Department.

[*1]
Per Curiam.
Respondent was admitted to practice by this Court in 2000, and was later admitted to the practice of law in Louisiana in 2003. In October 2022, respondent pleaded nolo contendere to the misdemeanor crime of offenses against intellectual property (La RS 14:73.2 [A] [2]) in the First Judicial District Court in and for the Parish of Caddo, Louisiana, and was sentenced to six months of incarceration, which term was deferred. Respondent's criminal matter arose in connection with her employment as a law clerk to a judge of the Louisiana Second Circuit Court of Appeal. Following an interim suspension issued in October 2020, the Office of Disciplinary Counsel filed formal charges against respondent, and the matter proceeded to a hearing before a Hearing Committee of the Louisiana Attorney Disciplinary Board, which later adopted the Committee's findings, with minor clarifications, and issued its own findings of fact. The Supreme Court of Louisiana, in December 2024, agreed with findings and recommendations made both by the Hearing Committee and the Louisiana Attorney Disciplinary Board that respondent had engaged in professional misconduct and consequently disbarred her (397 So 3d 310, 320 [2024]). Specifically, the Supreme Court concluded that, in her capacity as a law clerk, respondent had intentionally accessed confidential court documents and provided same to a litigant in an estate matter then pending before that Court, despite the fact that the judge she worked for had recused from the matter, and likewise conducted legal research and drafting of pleadings and memoranda for the litigant (id. at 318). Accordingly, the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) now moves for the imposition of discipline in this state based on respondent's conviction of a serious crime (see Judiciary Law § 90 [4] [d], [f]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2] [i]), and based on her established misconduct in Louisiana (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [a]). Respondent has not submitted a response to AGC's motion.
At the outset, we note that AGC's motion does not make its request for relief in the alternative (see e.g. Matter of Singh, 245 AD3d 1061, 1062 [3d Dept 2026]), but rather merely argues that respondent's established professional misconduct, as well as her criminal matter in Louisiana (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [c] [2] [i]), warrants the imposition of discipline in this state. As to respondent's criminal matter, AGC urges that that respondent's conviction in Louisiana for the misdemeanor of offenses against intellectual property constitutes a serious crime in New York. A "serious crime" is defined as "any criminal offense denominated a felony under the laws of any state . . . which does not constitute a felony under the laws of this state, and . . . a necessary element of which, as determined by statutory or common law definition of such [*2]crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, . . . deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime" (Judiciary Law § 90 [4] [d]).
The record provided by AGC reveals that, in October 2022, respondent entered a plea of nolo contendere to the crime of offenses against intellectual property, specifically by "[d]isclos[ing], us[ing], copying, taking, or accessing, without consent, of intellectual property" (La RS 14:73.2 [A] [2]). Therefore, notwithstanding AGC's arguments on this point, respondent did not enter a plea to a crime which contained a "necessary element" of misappropriation, theft or deceit (Judiciary Law § 90 [4] [d]). Moreover, while the Supreme Court of Louisiana later concluded, in the disciplinary proceeding that resulted in respondent's disbarment, that she had engaged in conduct prejudicial to the administration of justice, such conclusions were made long after her plea was entered in the criminal matter, and the determination of the Supreme Court of Louisiana cannot therefore be imputed into respondent's plea allocution so as to establish her "interference with the administration of justice" within the meaning of Judiciary Law § 90 (4) (d). In looking at respondent's plea itself, respondent did not describe her crime on the record, but rather a sufficient factual basis was provided by the State consistent with state law, with the State merely stating that respondent intentionally disclosed, used, copied, took or accessed without consent intellectual property, with the damage or loss amounting to a value under $500. Absent additional allocution from respondent beyond the mere statutory language of the charged Louisiana offense, we lack a factual basis to render a serious crime determination; thus, we deny AGC's motion on this point.
Turning to the portion of AGC's motion seeking the imposition of discipline on respondent based on her established professional misconduct in Louisiana, AGC argues that the disciplinary proceeding in Louisiana established that respondent had violated four Rules of Professional Conduct, which are identical or substantially similar to New York's applicable Rules (see Rules of Prof Conduct [22 NYCRR 1200.0] rules 8.4 [a], [b], [c], [d]). As respondent has not submitted a response to AGC's motion, she has waived any of the available defenses, although we nonetheless note that the record of the Louisiana disciplinary proceeding reveals that she was provided with notice and opportunity to be heard in that matter, and likewise was provided with multiple levels of review (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [b]). Accordingly, we grant AGC's motion on this point, and turn to the discipline to be imposed (see Matter of Singh, 245 AD3d at 1062).
We are not required to impose the same sanction as that imposed by the foreign tribunal, but are instead [*3]charged with crafting a sanction that protects the public, maintains the honor and integrity of the profession or deters others from engaging in similar misconduct (see Matter of White, 243 AD3d 1112, 1114 [3d Dept 2025]). In aggravation, AGC cites respondent's failure to report her October 2022 criminal conviction to both AGC and the Court (see Judiciary Law § 90 [4] [c]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.12 [a]), as well as her failure to report her disbarment FN1 in Louisiana (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.13 [d]). Additionally, respondent is delinquent in her biennial registration obligations for the 2022-2023, 2024-2025 and 2026-2027 periods (see Judiciary Law § 468-a [5]; Rules of Chief Admr of Cts [22 NYCRR] § 118.1). In this vein, respondent's longstanding delinquency aggravates her misconduct and demonstrates her disinterest in her fate as an attorney in New York (see Matter of Hahn, 235 AD3d 1234, 1235 [3d Dept 2025]), as does her failure to respond to the instant motion (see Matter of Laurenzo, 231 AD3d 1236, 1237 [3d Dept 2024]). Given the totality of the circumstances — including respondent's knowing misuse of her position as a law clerk with the intent to obtain a significant benefit or advantage to the litigant — we conclude that disbarment is the appropriate sanction (see ABA Standards for Imposing Lawyer Sanctions, standard 5.21).
Garry, P.J., Pritzker, Fisher, Mackey and Ryba, JJ., concur.
ORDERED that the motion of the Attorney Grievance Committee for the Third Judicial Department is granted in part and denied in part in accordance with the findings set forth in this decision; and it is further
ORDERED that respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that respondent is commanded to desist and refrain from the practice of law in any form in the State of New York, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto, or to hold herself out in any way as an attorney and counselor-at-law in this state; and it is further
ORDERED that respondent shall comply with the provisions of the Rules for Attorney Disciplinary Matters regulating the conduct of disbarred attorneys and shall duly certify to the same in her affidavit of compliance (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.15); and it is further
ORDERED that respondent shall, within 30 days of the date of this decision, surrender to the Office of Court Administration any Attorney Secure Pass issued to her.

Footnotes

Footnote 1
We note that respondent untimely reported to both AGC and this Court the October 2020 interim suspension imposed in Louisiana.